UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHAVEZ ANDRADE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00913-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration ("SSA") regarding his application for a period of disability and disability insurance benefits. At a hearing on August 19, 2019, I heard argument from the parties. I have reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have considered arguments made at the hearing. For the reasons stated on the record at oral argument and in this order, I vacate the administrative decision of the Commissioner and remand this case for further proceedings before the Administrative Law Judge ("ALJ").

I remand because the ALJ did not explain what weight she gave the opinion of Marc Johnson, M.D., or explain why such weight was appropriate. Dr. Johnson, a treating physician, saw claimant numerous times in the aftermath of an injury claimant alleges to be highly relevant to his claimed disability. The reports of Dr. Johnson and a nurse under his supervision run from June to October 2014. The reports relay claimant's reports of severe pain—*e.g.*, 9/10 reported on

1

October 4, 2014, AR 479—and state that claimant is to "continue on a sedentary work profile," AR 524 (from June 24, 2014). Documentation associated with Dr. Johnson runs approximately 45 pages in the administrative record. The ALJ, however, made no reference to Dr. Johnson in her written decision. To the extent that the ALJ discounted Dr. Johnson's opinions, Ninth Circuit precedent barred her from doing so without providing specific and legitimate reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). More fundamentally, I cannot carry out judicial review without some indication of what the ALJ thought of Dr. Johnson's opinions.

The SSA argues that the ALJ's failure to reference Dr. Johnson is unproblematic because Dr. Johnson did not indicate that claimant's limitations lasted long enough to qualify as a disability. I disagree. First, as a physician treating claimant in the wake of an injury, rather than a physician retained to offer an opinion on a potential disability, it is hardly surprising that Dr. Johnson did not address the anticipated duration of certain of claimant's limitations. Second, and more importantly, it is not my position to evaluate the probative value of Dr. Johnson's opinion; that task is reserved to the finder of fact. While there may be instances in which a facially irrelevant medical opinion might warrant no discussion at all, this is no such instance.

The Social Security Administration further argues that any error on the ALJ's part was harmless. I cannot agree with this, either. Dr. Johnson appears to have seen claimant at a critical juncture and to have treated him many times. His opinions are thus evidence that lies close to the core of Mr. Andrade's claim and, absent any explanation from the ALJ, I am unable to determine whether they conflict with the ALJ's residual functional capacity determination. Put another way, I have no way of knowing whether Dr. Johnson's opinions might have changed the ALJ's perspective, had she considered them appropriately.

Accordingly, the clerk of court is directed to enter judgment in favor of claimant Jesus Chavez Andrade and against defendant Commissioner of Social Security, and to close this case.

1

2    IT IS SO ORDERED.

3

4    Dated:    August 19, 2019

5                                                      UNITED STATES MAGISTRATE JUDGE

6

7    No. 200.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28